COSTALAW, A PROFESSIONAL CORPORATION
JOSEPH P. COSTA, ESQ [BAR NO. 130131]
17383 SUNSET BLVD., SUITE A-330
PACIFIC PALISADES, CA 90272
PHONE: (310) 394-6611
FAX: (310) 394-6612
JOSEPH.COSTA@COSTALAW.COM

ATTORNEYS FOR PLAINTIFF
ORION PRECIOUS METALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION PRECIOUS METALS, INC., a California Corporation | Case No. |
| Plaintiff, | Complaint for (1) Infringement of Registered Trademarks; (2) Unfair Competition (15 U.S.C. §1125(a)); (3) Unfair Competition (Cal. Bus. & Prof. Code §17200); (4) Dissemination of False Advertisements and Deceptive Trade Practices (15 U.S.C. §52); (5) False Advertising (Cal. Bus. & Prof. Code §17500); (6) California Common Law Unfair Competition; **Jury Trial Demanded** |
| v. | |
| MONEY GROUP, LLC, a Puerto Rico limited liability company and Does 1-10, | |
| Defendants. | |

1. Plaintiff ORION PRECIOUS METALS, INC. ("Orion" or "Plaintiff") files this complaint against MONEY GROUP, LLC ("Money Group" or "Defendant") and Does 1 to 10 as follows.

JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the federal claims under 15

Complaint                              1              Orion Precious Metals, Inc. v. Money Group, LLC

U.S.C. §1121 (trademark), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338(b) (state law claims of unfair competition when joined with a substantial and related claim under the patent or trademark laws).

3.  This Court has personal jurisdiction over Defendant because it regularly conducts business with California entities and distributes marketing materials throughout the State of California and in particular, this judicial district.

4.  Venue is proper as to Defendant pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. As alleged below, Defendant is operating a fake review site, in which they mislead consumers into believing that they are an unbiased, independent review website that presents the "best" precious metals companies for consumers to choose. In reality, and without any prominent disclosure, Defendant has entered into contractual agreements with certain companies operating within the Central District of California in which Defendant is paid by these companies to rank their businesses as a top choice in precious metals dealers. For example, some of these "top recommended companies" include the following: American Hartford Gold, with its principal place of business located at 11755 Wilshire Blvd., 11th Floor, Los Angeles, CA 90025; Priority Gold LLC with a principal place of business of 15260 Ventura Blvd., Suite 610, Sherman Oaks, CA 91403; Thor Metals Group with a principal place of business of 400 Continental Blvd., Suite 140, El Segundo, CA 90245; Augusta Precious Metals, with its principal place of business located at 8484 Wilshire Blvd., Suite 515, Beverly Hills, CA 90211; Goldco Direct, LLC, with its principal place of business located at 24025 Park Sorrento, Suite 210, Calabasas, CA 91302.

Complaint                                        2                    Orion Precious Metals, Inc. v. Money Group, LLC

## PARTIES

5. Plaintiff Orion is a California Corporation located at 12301 Wilshire Blvd., Suite 412, Los Angeles, CA 90025. Orion is in the business of selling precious metals.

6. Upon information and belief, Defendant is an LLC formed and operating within and under the laws of Puerto Rico.

### PLAINTIFF ORION'S ASSERTED TRADEMARKS ("Marks")

7. Plaintiff is the owner of federal trademark registrations ("Marks"), Reg. No. 8,184,441, registered on March 24, 2026 and Reg. No. 8,184,443 registered on March 24, 2026.

### DEFENDANT'S ACCUSED INFRINGEMNT AND ACTIONS RELATED THERETO

8. Defendant operates a fake review website named money.com. On or about April 2, 2026, Plaintiff was visiting this website and discovered that Defendant was holding itself as an unbiased, independent third-party review website of the best precious metals dealers. To further its deception on the general public, in its June 2026 Article of the 5 Best Online Gold Dealers it states as follows: "Money is not a client of any investment adviser featured on this page. The information provided on this page is for educational purposes only and is not intended as investment advice." In describing its methodology for choosing its top precious metals dealers, Defendant further falsely describes in this online "article/advertisement" the following: "Methodology: Our editors and writers independently evaluated more than a dozen online gold dealers. We established seven categories to determine the best companies and consulted multiple authoritative sources, helping us gauge each company for its price transparency, customer satisfaction, prices, fees and more." It further states in this online article/advertisement that "the best online gold dealers are well-established, offer competitive pricing, maintain strong customer satisfaction scores and have educational content libraries

Complaint                    3            Orion Precious Metals, Inc. v. Money
                                                                    Group, LLC

that can help prospective investors better understand the precious metal investing land-scape."

9. Defendant further uses Orion's Marks on its website and falsely informs those searching for Orion that "Orion Metal Exchange is currently unavailable in your area or through this offer. In the meantime, compare other highly rated gold IRA pro-viders and exclusive offers below." A copy of this can found at:

> https://money.com/branded/splash?ap_refer-rer=https%3A%2F%2Fmoney.com%2Fbest-gold-ira-companies%2F&com-pany_alias=orion-metal-exchange-gold-iras-re-view&pcuid=m2779db06414&redirect_to_top=1&skip_dynamic_of-fer=true&vertical_alias=gold-iras&zip=90670

Thereafter, underneath Orion's Mark that uses its logo, Defendant has an "invest in gold" button underneath the name of Orion, that misdirects those interested in Orion to a different company (Los Angeles based American Hartford Gold) that Plaintiff is in-formed and believes and alleges thereon compensates Defendant to promote its prod-ucts.

## FIRST CAUSE OF ACTION

### (Infringement of a Registered Trademark (15 U.S.C. §1114))

10. Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1-9 of this Complaint as if alleged in full.

11. Defendant has used Plaintiff's Marks in commerce by advertising and promoting other precious metals companies, and then when clicking underneath the Marks, the user is directed to a competitor's website that Plaintiff is informed and be-lieves pays Defendant to promote its company without the consent of Plaintiff.

12. Defendant has used the Marks in interstate commerce in a manner that is

Complaint                                    4              Orion Precious Metals, Inc. v. Money
                                                                                     Group, LLC

likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of that Mark and is baiting and switching other competing precious metals dealers in its place. Defendant's use of the Marks is therefore unlawful and is causing irreparable harm to Plaintiff's brand. Defendant further recites false information about Plaintiff underneath its Marks, to mislead a reader into thinking that this false information is true and is authorized and supported by Plaintiff.

13. Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a)-(b).

14. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount it reasonably believes exceeds $75,000.00 to be proven at trial.

15. Plaintiff alleges upon information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

16. At all relevant times, Defendant acted intentionally and/or willfully in using Plaintiff's Marks in their advertising, knowing Plaintiff's Marks belong to Plaintiff, and that Defendant was not and is not authorized to use Plaintiff's Marks in advertising other competitor's products. Specifically, on April 2, 2026, Plaintiff's counsel wrote to Defendant and identified its infringing conduct with a request that all references to Plaintiff be removed. Defendant responded thereafter with a statement that it refuses to take any actions to address the wrongs identified by Plaintiff. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. §1117(b).

17. Defendant's knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

18. The acts of direct and/or contributory trademark infringement committed by

Complaint                                    5              Orion Precious Metals, Inc. v. Money
                                                                                    Group, LLC

Defendant has caused, and will continue to cause, Plaintiff irreparable harm unless it is enjoined by this Court and Plaintiff accordingly seeks injunctive relief against Defendant, and any future named DOE defendants as allowed by law.

## SECOND CAUSE OF ACTION

### (Unfair Competition under Federal Law (15 U.S.C. § 1125 (a))

19.     Plaintiff hereby incorporates by reference each of the allegations of paragraphs 1-9 as if set forth in full.

20.     Defendant has used the Marks in falsely promoting other precious metals dealers over the Plaintiff, and by falsely making statements about Plaintiff's services as well as diverting those interested in learning more about Plaintiff to its competitors in such a way that is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant.

21.     Plaintiff hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant's adoption and use of the Plaintiff's Marks as stated herein, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of Defendant's website and the information proffered about Plaintiff underneath Plaintiff's marks as originating from or being in connection with Plaintiff when this is not the case, and thereby constitutes a false description or representation used in interstate commerce readily available to citizens in the United States and this district. Plaintiff has been and is continuing to be damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Based on Defendant's express refusal to discontinue these activities, Defendant's federal unfair competition violation is willful.

Complaint                          6            Orion Precious Metals, Inc. v. Money Group, LLC

## THIRD CAUSE OF ACTION

### (Unfair Competition (Cal. Bus. & Prof. Code § 17200))

22. Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1-9 of this Complaint as though fully set forth in this cause of action.

23. Defendant has committed fraudulent acts and/or conduct by portraying itself as an unbiased, independent, third-party review website, when in reality, it is choosing the "best companies" in consideration for compensation. Defendant is thereby misleading consumers in California.

24. Defendant has knowingly, willfully, and deliberately committed fraudulent acts and/or conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that the it is truly an unbiased independent review website when in reality it is being paid by Plaintiff's competitors to portray these competitors favorably, and to falsely claim that Orion's services are not available in such consumer's geographical area. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Based on Defendant's express refusal to remove Plaintiff from its website/advertising, Defendant's California unfair competition violation is willful under California Business and Professions Code sections 17200 - 17209 ("UCL") and affected consumers are entitled to an order from this Court designed to restore through an appropriate disgorgement of profits Defendant's and the DOE Defendants ill-gotten gains.

### FOURTH CAUSE OF ACTION

### (Dissemination of False Advertisements and Deceptive Trade Practices (15 U.S.C. §52))

25. Plaintiff hereby incorporates by reference each of the allegations

Complaint                          7            Orion Precious Metals, Inc. v. Money
                                                                        Group, LLC

set forth in paragraphs 1-9 of this Complaint as though fully set forth in this cause of action.

26. Defendant has knowingly, willfully, and deliberately disseminated false advertisements through its online posts on money.com which are readily available to citizens in the United States and this district.  The advertisements knowingly, willfully, and deliberately disseminated by Defendant wrongfully used Plaintiff's Marks. Defendant knows that it has no right to use those Marks. Further, it is knowingly creating a false impression in would be precious metals purchasers that its reviews are unbiased, independent and truthful, not paid advertisements. The effect of the dissemination of these false advertisements by Defendant is negative on consumers as it is meant to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Plaintiff's competitors are better choices than Plaintiff and that Plaintiff does not offer services in that consumer's geographic area.

27.  Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.  Based on Defendant's express refusal to cease these activities once alerted to them, Defendant knowingly, willfully, and deliberately disseminated false advertisements promoting those who paid it as its unbiased and independent best choice for a precious metals dealer. Defendant's money.com website is readily available to citizens in the United States and this District.

## FIFTH CAUSE OF ACTION

### (False Advertising (Cal. Bus. & Prof. Code § 17500))

28.  Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1-9 of this Complaint as though fully set forth in this cause of action.

29.  Defendant has knowingly, willfully, and deliberately made and is continuing to make false or misleading statements in connection with its money.com website.

---

Complaint                               8          Orion Precious Metals, Inc. v. Money
                                                                    Group, LLC

Defendants knew, or should have known, that the statements were false or misleading before advertising its best choices for precious metals dealers and informing consumers that Plaintiff's services were not available in their area. The effect of the false or misleading statements of these advertisements by Defendant is negative on consumers as it will confuse, mislead, or deceive purchasers, customers, or members of the public to believe that they are choosing a precious metals dealer that has been highly vetted by a detailed methodology that falsely promotes an "independent" review of precious metals dealers and their services. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court. Based on Defendant's express refusal to remove Plaintiff and its Marks from its money.com website, Defendant is knowingly, willfully, and deliberately making false or misleading statements in their advertisements and such conduct is willful and unlawful under California False Advertising Law (Bus. & Prof. Code, §§ 17500, et seq.) and Plaintiff is entitled to an order to restore to consumers Defendant's profits obtained through these ill-gotten means.

## SIXTH CAUSE OF ACTION

### (State Common Law Unfair Competition)

30.   Plaintiff hereby incorporates by reference each of the allegations set forth in paragraphs 1-9 of this Complaint as though fully set forth in this cause of action.

31. Defendant has committed acts and/or engaged in conduct by unlawfully creating a fake review website that pretends to be an unbiased independent review of Defendant's paying clients that are competitors of Plaintiff. Meanwhile, it falsely informs members of the public directly next to Plaintiff's Marks that Plaintiff's services are not available in their area. Such actions are misleading consumers since Defendant is not an independent review site, has never been authorized by Plaintiff to use its marks

Complaint                          9               Orion Precious Metals, Inc. v. Money
                                                                    Group, LLC

for the purpose of diverting others to its competitors, and to falsely inform consumers that Plaintiff's services are not available in their geographic area, when in fact they are. Defendant has knowingly, willfully, and deliberately committed fraudulent acts and/or conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that its website is independent and that the precious metals companies who pay Defendant, will be listed as a top choice, while Defendant falsely informs consumers that Plaintiff's services are unavailable in their geographic area.

32.  Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.  Plaintiff is likewise under California case law entitled to recover its damages from Defendant incurred as a result of Defendant's unfair competition.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant, as follows:

i. For an order finding that Defendant has willfully infringed the Trademark US Registration Number 8,184,443 and the US Trademark Registration Number 8,184,441;

ii. For an order temporarily, preliminarily and permanently enjoining Defendant, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the Trademark US Registration Number 8,184,443, and from inducing others to infringe the Trademark US Registration Number 8,184,441;

| Complaint | 10 | Orion Precious Metals, Inc. v. Money Group, LLC |

iii. For an order temporarily, preliminarily and permanently enjoining Defendant, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the US Trademark Registration Number 8,184,443, and from inducing others to infringe the US Trademark Registration Number 8,184,441;

iv. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

v. Holding itself out as an independent review site;

vi. Failing to adequately and prominently disclose that it is rating those who pay it compensation higher in consideration for receiving compensation;

vii. using the Plaintiff's Marks or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's Marks on or in connection with Defendant's money.com website;

viii. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's money.com website that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's Marks, names, or logos;

ix. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's website that is likely to cause confusion, mistake, deception, or public misunderstanding that money.com's use of the Marks is sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

x. advertising or promoting others as the best choices in precious metals without an accurate and prominent description that it is ranking these precious metal

Complaint        11        Orion Precious Metals, Inc. v. Money Group, LLC

dealers as the best because they are paying them to do so.

xi. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint, except where such damages are not otherwise available under California Business & Professions Codes §§17200 and 17500. As to those sections, Plaintiff seeks a disgorgement of all profits and restoration to consumers of those monies received through Defendant's unfair competition;

xii. Based on Defendant's knowing and intentional conduct that the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

xiii.   Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 35 U.S.C. § 285 and pursuant to 15 U.S.C. § 1117(a) and other applicable law and the state statutes cited in this Complaint;

xiv.  Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards;

xv.  Plaintiff be awarded costs of suit; and

xvi.  Plaintiff be granted such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands that all issues be tried by a jury under FED. R. CIV. P. 38(b).

Dated: June 23, 2026

COSTALAW, a professional corporation
/s/*Joseph P. Costa*/s/

Joseph P. Costa, Esq.
Attorneys for Plaintiff Orion Precious Metals, Inc.

Complaint                    12          Orion Precious Metals, Inc. v. Money Group, LLC